

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KYLE SMITH,

    Plaintiff,

v.    Civil Action No. 3:15CV749–HEH

UNIT MANAGER OATES, *et al.*,

    Defendants.

### MEMORANDUM OPINION
(Denying Motion for Summary Judgment)

Kyle Smith, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] Smith's claims flow from the alleged unconstitutional treatment Smith received from Unit Manager Oates, Lieutenant Colson, Sergeant Tucker, and Correctional Officer Wilson ("Defendants")[2] in the course of Smith's confinement at Sussex I State Prison.[3] Smith contends that:

---

[1] That statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] Smith has also named Correctional Officer Carr as a defendant in this action. However, as of June 20, 2017, Smith has not served Carr. (*See* ECF No. 12.)

[3] The Court corrects the spelling of the Defendants' names to that stated in their Motion for Summary Judgment.

| | |
|---|---|
| Claim 1 | Defendant Oates violated Smith's rights under the Eighth Amendment[4] and Virginia tort law when he failed to properly file Smith's enemy statement with the investigation unit in violation of Operating Procedure 830.6. (Compl. 3, ECF No. 1.) |
| Claim 2 | Defendant Colson violated Smith's rights under the Eighth Amendment and Virginia tort law when he failed to properly inform the investigation unit of Smith's enemy concerns in violation of Operating Procedure 830.6. (*Id.* at 4.) |
| Claim 3 | Defendant Tucker violated Smith's rights under the Eighth Amendment and Virginia tort law when he failed to properly inform the investigation unit of Smith's enemy concerns in violation of Operating Procedure 830.6. (*Id.*) |
| Claim 4 | Defendant Wilson violated Smith's rights under the Eighth Amendment and Virginia tort law when, on November 25, 2013, he failed to timely intervene in an attack on Smith at Sussex I State Prison. (*Id.*) |
| Claim 5 | Defendant Carr violated Smith's rights under the Eighth Amendment and Virginia tort law when, on November 25, 2013, he failed to timely intervene in an attack on Smith at Sussex I State Prison. (*Id.*) |

This matter is before the Court on the Motion for Summary Judgment filed by Defendants (ECF No. 14), and on the Motion for Summary Judgment filed by Smith (ECF No. 17). Defendants move to dismiss on the grounds that Smith's claims are barred by the applicable statute of limitations. However, because there is a genuine issue of material fact as to when Smith placed his Complaint in the prison mailing system, Defendants' Motion for Summary Judgment (ECF No. 14) will be denied. Furthermore, Smith's Motion for Summary Judgment (ECF No. 17) will also be denied due to its conclusory nature.

---

[4] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

2

## I. STANDARD FOR SUMMARY JUDGMENT

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). It is the responsibility of the party seeking summary judgment to inform the court of the basis for the motion, and to identify the parts of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting former Fed. R. Civ. P. 56(c) and 56(e) (1986)). In reviewing a summary judgment motion, the Court "must draw all justifiable inferences in favor of the nonmoving party." *United States v. Carolina Transformer Co.*, 978 F.2d 832, 835 (4th Cir. 1992) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). However, a mere "'*scintilla* of evidence'" will not preclude summary judgment. *Anderson*, 477 U.S. at 251 (quoting *Schuylkill & Dauphin Improvement Co. v. Munson*, 81 U.S. 442, 448 (1871)).

In support of their Motion for Summary Judgment, Defendants submitted an affidavit from F. Stanley, Mailroom Assistant at Red Onion State Prison. (Mem. Supp. Mot. Summ. J. Ex. 1 ("Stanley Aff."), ECF No. 15–1.) Smith responded to the Motion

for Summary Judgment by submitting his own affidavit. (Resp. ("Smith Aff."), ECF No. 17.)

## II. FACTS GIVING RISE TO SMITH'S COMPLAINT

In his Complaint, Smith asserts that on October 17, 2013, he was placed in 4-A Pod at Sussex I State Prison and that he "immediately alerted Defendants that [he] had enemies in that pod." (Compl. 2.)[5] Because 4-A Pod was on lockdown, Smith alleges Defendants Tucker, Colson, and Wilson told him that he "was going to be moved before the end." (*Id.* at 3.)

On October 21, 2013, Smith was moved to Segregation 3-C Pod because of his previous statement identifying enemies in the 4-A Pod. (*Id.*) Also on October 21, 2013, Defendant Oates "authorized" Smith's statement identifying enemies in the 4-A Pod "but did not register it with the investigation unit to have the enemy forms filled out in violation of Operating Procedure 830.6" and "failed [to] validate [Smith's] claim by checking on the situation and . . . fail[ed] to have [Smith] sign [his] waiver to go back to general population which is mandatory." (*Id.*)

On November 13, 2013, despite having identified enemies in the 4-A Pod, Smith was returned to the 4-A Pod. (*Id.*) On November 25, 2013, Smith was waiting at his cell door when he "was attacked by multiple offenders some with weapons" who attempted to pull him in the cell. (*Id.*) Defendant Carr "look[ed] up" at the attack "and the other

---

[5] The Court corrects the spelling and capitalization in quotations from Smith's submissions.

offenders start[ed] to stop the attack." (*Id.*) Smith was then transported to the medical unit where his injuries were documented. (*Id.*)[6]

### III. DISPUTE OF FACTS FOR PURPOSES OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants' Motion for Summary Judgment will be denied because there is a genuine dispute of material fact as to when Smith placed his Complaint in the prison mailing system for mailing to this Court.

F. Stanley, the Mailroom Assistant at Red Onion State Prison, states that the outgoing Legal Mail logbook indicates that the mailroom received a piece of legal mail addressed to the United States District Court from Smith on December 2, 2015. (Stanley Aff. ¶ 4.) The mailroom mailed out Smith's legal mail that same day. (*Id.*) Each housing unit in Red Onion State Prison has a "mailbox" where prisoners may deposit legal mail. (*Id.* ¶ 5) Correctional officers collect prisoners' mail from the mailboxes in the evening, and deliver it to the mailroom the next morning. (*Id.*) Mailroom staff receive the mail when they arrive each business day morning and the mail is processed and mailed that day. (*Id.*) Based on this procedure, the earliest Smith would have placed his Complaint in the outgoing legal mailbox would have been Tuesday, December 1, 2015. (*Id.* ¶ 6.) Moreover, the envelope in which Smith used to mail his complaint to this Court is postmarked December 2, 2015. (Compl. 1–1.)

On the other hand, Smith avers that he placed his Complaint in the prison mailing system on Sunday, November 22, 2015 and that it was picked up by prison personnel for delivery to the mailroom on Monday, November 23, 2015. (Smith Aff. 2.) Smith further

---

[6] On August 15, 2014, Smith was transferred to Red Onion State Prison. (Stanley Aff. ¶ 3.)

contends that because Thursday, November 26, 2015 was Thanksgiving, a federal holiday, "mail room officials were not present [the two] days prior [to November 25, 2015]" and that "mail room officials resumed . . . their duties the beginning of the following week which is when [his] Complaint was documented and mailed to the Court[]." (*Id.*) Smith also dated his Complaint November 22, 2015. (Compl. 5.)

## IV. ANALYSIS

Because no explicit statute of limitations for 42 U.S.C. § 1983 actions exists, the courts borrow the personal injury statute of limitations from the relevant state. *Nasim v. Warden*, 64 F.3d 951, 955 (4th Cir. 1995) (citing *Wilson v. Garcia*, 471 U.S. 261, 266–69 (1985)). Virginia applies a two-year statute of limitations to personal injury claims. *See* Va. Code Ann. § 8.01-243(A). Thus, Smith should have filed his Complaint within two years from when the underlying claims accrued. "A claim accrues when the plaintiff becomes aware of his or her injury, *United States v. Kubrick*, 444 U.S. 111, 123 (1979), or when he or she 'is put on notice . . . to make reasonable inquiry' as to whether a claim exists." *Almond v. Sisk*, No. 3:08CV138, 2009 WL 2424084, at *4 (E.D. Va. Aug. 6, 2009) (omission in original) (quoting *Nasim*, 64 F.3d at 955). Finally, for purposes of prisoner litigation, the date on which a prisoner places his complaint in the prison mailing system for mailing to the court is the date the court deems the complaint filed. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

Smith alleges he was assaulted on November 25, 2013. (Compl. 3.) Because Smith clearly knew of the facts giving rise to his injury as of this date, under the Virginia

two-year statute of limitations and the federal accrual rule, he had until November 25, 2015 to place his Complaint in the prison mailing system.

Defendants' evidence suggests that Smith did not meet this deadline. Nevertheless, Smith submitted his own sworn statement asserting that he placed his Complaint in the prison mailing system on Sunday, November 22, 2015, that the prison mailroom personnel were absent during the week of Thanksgiving 2015, and that the mailroom personnel did not resume their duties until the week of November 30, 2015. Viewing the facts in the light more favorable to Smith, it is reasonable to infer that the prison mailroom was short-staffed the week of Thanksgiving 2015. Thus, there is a genuine issue of material fact with respect to the date on which Smith placed his Complaint in the prison mailing system.

## V. SMITH'S MOTION FOR SUMMARY JUDGMENT

Smith has also submitted his own Motion for Summary Judgment on his Eighth Amendment claims (ECF No. 17) and an affidavit in support thereof (ECF No. 18). However, as Smith has failed to allege sufficient facts for the Court to find an Eighth Amendment violation, his motion will be denied.

An affidavit in support of a motion for summary judgment must be made on personal knowledge and set out facts that would be admissible in evidence. Fed. R. Civ. P. 56(c)(4). Further, per this Court's Local Rules, a motion for summary judgment shall state with particularity the grounds upon which it is based and shall be accompanied by a written brief setting forth a concise statement of the facts and supporting reasons, along with a citation of the authorities upon which the movant relies. E.D. Va. Loc. R. 7(a);

E.D. Va. Loc. R. 56(b). In reviewing a summary judgment motion, the Court "must draw all justifiable inferences in favor of the nonmoving party." *United States v. Carolina Transformer Co.*, 978 F.2d 832, 835 (4th Cir. 1992) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). The "preliminary question for the judge, [is] not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party . . . upon whom the onus of proof is imposed.'" *Anderson*, 477 U.S. at 251 (quoting *Improvement Co. v. Munson*, 14 Wall. 442, 448 (1872)). But even when *pro se* litigants are involved, "the court cannot ignore a clear failure to allege facts that support a viable claim." *Mullins v. Suburban Hosp. Healthcare Sys., Inc.*, No. CV PX 16-1113, 2017 WL 480755, at *3 (D. Md. Feb. 6, 2017) (citing *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990)).

Here, even liberally construed, Smith's Motion for Summary Judgment wholly fails to plead facts – much less provide evidence – sufficient to find an Eighth Amendment violation. Rather, Smith's sworn statements assert that he "placed [the Defendants] on alert of a gang member that is an enemy of [his]" and the Defendants "placed [him] in the same housing unit with him" thereby putting him "in a life threatening condition by purposely disregarding [his] enemy claim." (Pl.'s Mot. Summ. J. 2.) Smith's motion is entirely conclusory, fails to conform to both the Rules of Civil Procedure and Local Rules of this Court, and fails to set forth facts by which a reasonable jury could find in his favor. Accordingly, Smith's Motion for Summary Judgment (ECF No. 17) will be denied as a matter of law.

## VI. CONCLUSION

In light of the foregoing, Defendants' Motion for Summary Judgment (ECF No. 14) will be denied. Smith's Motion for Summary Judgment (ECF No. 17) will also be denied. Any party wishing to file a renewed Motion for Summary Judgment must do so within sixty (60) days of the date of entry hereof.

An appropriate order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: June 27, 2017
Richmond, Virginia